**SKIL CORPORATION, a corporation,
Plaintiff-Counter-Defendant,**

v.

**The BLACK AND DECKER MANUFAC-
TURING COMPANY, a corporation,
Defendant-Counter-Plaintiff.**

**No. 71 C 2492.**

United States District Court,
N. D. Illinois, E. D.

Nov. 28, 1972.

Thomas A. Reynolds, Edward L. Foote, Stanley A. Walton, III and Peter D. Voysey, Winston & Strawn, Chicago, Ill., for plaintiff.

E. Houston Harsha, Reuben L. Hedlund, Thomas F. Gardner, Alan I. Becker, Kirkland & Ellis, Chicago, Ill., Clyde Y. Morris, Miles & Stockbridge, Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is before the Court on plaintiff-counter-defendant's motion to strike the third affirmative defense in the answer of defendant-counter-plaintiff. The motion is granted.

The complaint alleges that defendant Black & Decker Manufacturing Company ("Black & Decker") violated sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2; sections 3 and 7 of the Clayton Act, 15 U.S.C. §§ 14 and 18; and subsections (a), (c), (d) and (e) of section 2 of the Robinson-Patman Act, 15 U.S.C. § 13(a), (c), (d) and (e). Plaintiff seeks monetary damages and an injunction that would bar defendants from continuing the allegedly illegal course of conduct.

Black & Decker's third affirmative defense seeks to invoke the doctrine of unclean hands as a bar to injunctive relief by alleging that Skil Corporation

("Skil"), through its agents, made an unsuccessful attempt to involve Black & Decker in a conspiracy to fix prices. It is further alleged that Skil engaged in field price discrimination and that this suit was brought for purposes of harassment. Skil argues that since Black & Decker is charged with antitrust violations, the doctrine of unclean hands is not available to Black & Decker as a means of defeating Skil's request for injunctive relief.

Courts have divided on the applicability of the unclean hands doctrine in private antitrust actions seeking equitable relief. Cases holding it applicable include Singer v. A. Hollander & Son, 202 F.2d 55 (3d Cir. 1953); Graham v. Triangle Publications, 233 F.Supp. 825 (E.D.Pa. 1964); and Louisiana Petroleum Retail Dealers v. Texas Co., 148 F. Supp. 334 (W.D.La. 1956). Cases to the contrary include Hawaiian Tuna Packers v. International L & W Union, 72 F. Supp. 562 (D.Haw. 1947); and Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144 (C.D.Cal. 1967). This Court is of the view that the doctrine of unclean hands should not prevent a plaintiff from seeking injunctive relief in a private antitrust action.

In reaching this conclusion, the Court has taken into account the important role that private actions play in antitrust enforcement. As stated by the Supreme Court in Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130, 89 S.Ct. 1562, 1580, 23 L.Ed.2d 129 (1969):

> ". . . [T]he purpose of giving private parties treble damages and injunctive remedies was not merely to provide private relief, but was to serve as well the high purpose of enforcing the antitrust laws. E. g., United States v. Borden Co., 347 U.S. 514, 518, 74 S.Ct. 703, 706, 98 L.Ed. 903 (1954)."

See also Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968).

Granting that, in treble damage actions, the in pari delicto defense may retain some utility in discouraging participation and preventing unjust enrichment of plaintiff-participants in the violations complained of, different considerations govern the unclean hands doctrine in equity cases. Here, the public interest in terminating anticompetitive conduct takes precedence, and any incidental benefit to the plaintiff may be regarded as a worthwhile price therefor.

Black & Decker's third affirmative defense is accordingly hereby stricken.

It is so ordered.